# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. JOHNSON, | Civil Action No. 13 – 262 |
| Plaintiff, | |
| v. | District Judge Nora Barry Fischer |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| SGT. INGLEBREAD, DOCTOR HYDE, CAPTAIN S.L. NOSE, and LORI KWISNEK, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that such dismissal be with prejudice because granting Plaintiff leave to amend would be futile.

### II.  REPORT

Plaintiff is a Pennsylvania state prisoner. He initiated this action on February 20, 2013, by submitting a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) His motion was granted by the Court and his Complaint was docketed on April 1, 2013. (ECF Nos. 4, 5.) For the following reasons, Plaintiff's Complaint should be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act.

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from a governmental employee.

### B. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. *See* Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229

(3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege

3

sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## C. Discussion

Plaintiff alleges that while he was incarcerated at SCI-Cresson he had been medically approved for a plastic step stool in order to reach items in his cell, but he claims that the stool was later taken away from him while he was incarcerated at SCI-Greensburg. He alleges that on October 31, 2011, Captain Nose forced him to climb to the top bunk to turn on the light in his cell but because he did not have his step stool he fell from the ladder on the bed and twisted his knee. Plaintiff told Sergeant Inglebread what had happened and he called for medical to come and look at Plaintiff's knee. Doctor Hyde[1] informed Plaintiff that he was okay but that he was still not allowed to have his stool back. Plaintiff claims that he had to "hop" around for three weeks due to his hurt knee. Plaintiff raises an Eighth Amendment deliberate indifference to medical needs claim as well as a claim under the Americans with Disabilities Act. However, Plaintiff's allegations fail to state a claim upon which relief can be granted.

The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Famer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To state an Eighth Amendment violation in the context of medical treatment, an inmate

---

[1] Although Plaintiff has identified this defendant as a doctor, the exhibits attached to Plaintiff's Complaint appear to indicate that he is a registered nurse. For the sake of consistency, however, he will be referred to in this Report as "Dr. Hyde."

4

must demonstrate two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). The second prong requires the court to subjectively determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Applying this standard here, the Court must first consider whether a twisted knee mandated treatment or was so obvious that a lay person would perceive the need for immediate medical attention. In this regard, courts have frequently found similar conditions to not constitute serious medical conditions where there is no evidence of fracture or dislocation. *See* Wirtz v. Buchanan, 2013 U.S. Dist. LEXIS 12425, 2013 WL 372462 at *7 (S.D. OH Jan 30, 2013) (collecting cases). Such is the case here. Plaintiff merely alleges that he twisted his knee. He does not allege that he was in extreme pain or that his condition and/or failure to treat it resulted in any long-term effects. In fact, Plaintiff states that he was fine after three weeks. As such, his allegations do not suggest that he suffered from a serious medical need.

Nevertheless, Plaintiff's allegations rebut any claim that Defendants acted with deliberate indifference. Plaintiff admits that Sergeant Inglebread called for medical after Plaintiff informed

him of his fall and that Doctor Hyde assessed Plaintiff's knee and found it to be of no concern. Indeed, Plaintiff's allegations do not seem to even suggest that there was any sort of delay in providing him with medical attention. While Plaintiff may have ultimately disagreed with Dr. Hyde's assessment of his condition, a disagreement over medical diagnosis and course of treatment is insufficient to establish deliberate indifference. *See* White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990); Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). Regardless, Plaintiff's allegations exhibit anything but deliberate indifference. Accordingly, he fails to state such a claim for relief.

Plaintiff also claims that Defendants are liable for violating the Americans with Disabilities Act ("ADA"). The undersigned assumes that Plaintiff is seeking to bring a claim under Title II of the ADA, as amended 42 U.S.C. § 12131, *et seq*. Title II of the ADA prohibits discrimination by public entities, such as state prisons. *See* Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (Title II of the ADA applies to state prisons); United States v. Georgia, 546 U.S. 151, 154 (2006) (Title II of the ADA authorizes suits by inmates against public entities such as state prisons). Specifically, Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services or activities of a public entity or be subjected to discrimination by such entity." 42 U.S.C. § 12132. However, individual defendants, sued in their individual capacities, are not liable under Title II of the ADA because they are not "public entities" within the meaning of the ADA. Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002). Accordingly, Plaintiff is unable to state a claim against Defendants in their individual capacities under this act.

To the extent Plaintiff is suing the individual defendants in their official capacities, the Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity as to state conduct that actually violates the Constitution. United States v. Georgia, 546 U.S. 151, 159 (2006). However, in order to determine whether a plaintiff may sue a State for damages under Title II, courts must "(1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such conduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." Bowers v. NCAA, 475 F.3d 524, 553 (3d Cir. 2007). Pursuant to this standard, Plaintiff must initially state a valid claim under Title II of the ADA, and to do this he must show that (1) he is a qualified individual (2) with a disability, and (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity, (4) by reason of his disability. 42 U.S.C. § 12132; Bowers, 475 F.3d at 553 n.32; *see also* Wagner v. Fair Acres Geriatric Center, 49 F.3d 1002, 1009 (3d Cir. 1995).

Assuming Plaintiff is a qualified individual with a disability, although he has alleged no facts to suggest that he is, he does not allege that he was excluded from any service, program, or activity on the basis of his disability. Plaintiff's sole allegation in support of his ADA claim is that he was unable to reach the light without climbing on the top bunk because his step stool was taken away from him.[2] This does not state a claim under the ADA. Furthermore, any disagreement with Dr. Hyde's medical assessment of Plaintiff's knee also does not state a claim under the ADA. *See*, *e.g.*, Iseley v. Beard, 200 F. App'x 137, 142 (3d Cir. 2006); Fitzgerald v.

---

[2] According to Plaintiff's exhibits, his step stool was taken away from him due to security concerns.

Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) ("[P]urely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions are not a basis for ADA claims); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding that "the [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . [t]he ADA does not create a remedy for medical malpractice."); *see also* Lesley v. Chie, 250 F.3d 47, 55 (1st Cir. 2001) ("[A] plaintiff's showing of medical unreasonableness must be framed within some larger theory of disability discrimination."); Thomas v. Pa. Dep't of Corr., 615 F. Supp. 2d 411, 429 (W.D. Pa. 2009) (plaintiff's requests for a handicap cell that were denied based on a medical determination that they were not warranted did not support discriminatory treatment in violation of Title II of the ADA). Therefore, the undersigned finds that Plaintiff has failed to state a claim against any named Defendant for a violation of Title II of the ADA.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that such dismissal be with prejudice because granting Plaintiff leave to amend would be futile.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the

date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

      Dated: June 27, 2013

                                          Lisa Pupo Lenihan
                                          Chief United States Magistrate Judge

cc:  Michael Johnson
      GC5319
      SCI Rockview
      PO Box A
      Bellefonte, PA 16823
      *Via U.S. Postal Mail*